IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT HOLLOMAN, | ) | |
| AIS #117409, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-CV-474-TMH |
| | ) | [WO] |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Roosevelt Holloman ["Holloman"], a state inmate currently incarcerated at the Easterling
Correctional Facility ["Easterling"].  In this complaint, Holloman challenges actions of
correctional officials with respect to his classification as a restricted offender, the denial
of correctional incentive time under the Alabama Correctional Incentive Time Act
["ACITA"], *Ala. Code* § 14-9-40, *et seq*., and his confinement at Easterling.  Holloman
names Louis Boyd, Sherry Seals and Jameka Caffie as defendants in this cause of action.
He requests that the court order the defendants to recommend him for incentive good time,
remove him from the restricted offender classification level and transfer him to an
institution closer to his home.

Upon review of the complaint, the court concludes that dismissal of this case prior

to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## I.  DISCUSSION

### A.  Classification Claims

1.  <u>Equal Protection</u>.  Holloman asserts the defendants have denied him equal protection because they have removed other inmates from restricted offender status while his requests for such treatment have been denied.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  This claim entitles Holloman to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.  *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)."  *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."  *Village of Arlington Heights v. Metropolitan Housing Development*

---

[1]The court granted Holloman leave to proceed *in forma pauperis* in this cause of action.  *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Corp.*, 429 U.S. 252, 264-265 (1977).  "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."  *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required.  *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Moreover, mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause.  *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Holloman utterly and completely fails to meet his pleading burden as he does not allege that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  To the extent Holloman relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *E & T*

3

*Realty*, *supra*.

Based on the foregoing, the court concludes that Holloman's claim of discrimination does not rise to the level of an equal protection violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. <u>Due Process</u>.  To the extent Holloman complains the classification level assigned to him while at Easterling is improper, he is likewise entitled to no relief.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Holloman has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, any claim challenging the decision to classify Holloman as a restricted offender is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**B.  Correctional Incentive Time**

Holloman complains the defendants have refused his requests to recommend him for incentive good time.  An inmate has no constitutional right or entitlement to receive incentive time deductions from the term of his sentence nor is any such right created by

state law as the granting of these deductions under *Ala. Code* § 14-9-41 is completely discretionary.  *See Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Sandin v. Conner*, 515 U.S. 472 (1995).  Although § 14-9-41 contains language delineating which inmates are eligible to receive correctional incentive time, the statute does not create an interest in receiving correctional incentive time upon meeting the requisite eligibility criteria nor does it contain any explicit mandatory language which restricts the discretion of persons charged with deciding whether an inmate should be granted these time deductions.  While the eligibility criteria are prerequisites to receiving correctional incentive time, no language used in the statute establishes a right to receive incentive time deductions if the criteria are met.  Thus, the failure to recommend an inmate for correctional incentive time does not alter or extinguish a protected right or status and therefore does not deprive Holloman of any protected liberty interest.  Consequently, Holloman's claim regarding an unconstitutional denial of access to incentive time deductions is indisputably meritless as this claim alleges "infringement of a legal interest which clearly does not exist" and is therefore subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

## C.  Confinement at Easterling

Holloman asserts the defendants refuse to transfer him from Easterling to a

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

correctional facility closer to his home. *Plaintiff's Complaint - Court Doc. No. 1* at 3. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement at Easterling may entail "more burdensome conditions" than that of another facility such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478. Consequently, the failure to transfer Holloman to a correctional facility of his choosing does not rise to the level of a constitutional violation and such claim therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

### D.  The Conspiracy Claim

In the complaint, Holloman makes the specious allegation that the adverse actions about which he complains are the result "of [a] conspiracy to hold Plaintiff at Easterling Prison...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Holloman are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish

the existence of a conspiracy. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).  Other than his suppositious allegations, Holloman presents nothing nor can this court countenance the existence of any evidence which indicates the defendants entered into a conspiracy to deprive Holloman of his constitutional rights.  In light of the foregoing, the court concludes that Holloman's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before June 15, 2010, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of June, 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE